IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF | * | |
| MACHINISTS AND AEROSPACE | * | |
| WORKERS, LOCAL LODGE 24, ETC. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-3987 |
| | * | |
| DYNCORP INTERNATIONAL LLC | * | |
| | ****** | |

## MEMORANDUM

Local Lodge 24, International Association of Machinists and Aerospace Workers has brought this action seeking to compel DynCorp International, LLC to arbitrate a dispute arising from the termination of the employment of Gregg French. The material facts are undisputed, and each side has filed a motion for summary judgment. Plaintiff's motion will be granted and defendant's motion will be denied.

The employment of French was terminated as the result of French saying to an Air Force Contract Officer Technical Representative that "we will shit you something" in connection with a "Dropped Object Report" that was due. According to plaintiff, that phrase refers to generating necessary paperwork. Thereafter, the contracting officer of the Government on the contract with the Government on which French was working requested the removal of French from the contract.[1]

It is undisputed that labor disputes are generally arbitrable under the Collective Bargaining Agreement here. Defendant contends, however, that Article I, Section 7 of the

---

[1] Immaterial but interesting is the fact that the contracting officer's request apparently was in response to a solicitation made by defendant. Also immaterial but interesting is the fact that French apparently had been involved in union activities for some period of time.

1

Collective Bargaining Agreement between plaintiff and defendant creates an exception to the general rule. That section provides in pertinent part as follows:

Section 7 – Security Regulations

(A) The parties to this Agreement hereby recognize the Company's obligations in its contracts with the Government pertaining to security, security clearances, and access to Government-managed property, and agree that nothing contained in this Agreement is intended to place the Company in violation of its contracts and/or security agreements with the Government.

(B) In the event that the U.S. Military Service or other Government Agency duly concerned with security regulations or operations on Government-managed property, advises the Company that any employee in the Union bargaining unit is restricted from access to Government-managed property, or restricted from work on or access to classified information and material, the Union agrees that such action as the Company may take pursuant to its contractual and/or security obligations to the Government will not be contested, nor will such action be a subject of the grievance procedure contained in Article III of this Agreement.

(C) In the event that such Government Agency following the taking of such action within one year advises the Company that such an employee is no longer restricted from access to Government managed property or restricted from work on or access to classified information and material, the Company shall promptly reinstate the employee with seniority, to the same job classification held at the time such action was taken, subject to the applicable seniority provisions of the Agreement, if he/she promptly applies for such reinstatement within fifteen (15) days.

Defendant contends that this Section, by referring to defendant's contractural and security obligation, renders the dispute concerning French nonarbitrable. Defendant buttresses this argument by citing a provision in the Government's Performance Work Statement that states that the Government contracting officer "may direct the contractor to remove an employee(s) from assignment under this contract for reasons of security or misconduct."

I find that Article I, Section 7 of the Collective Bargaining Agreement pertains only to an employee's security status. The section is titled "Security Regulations." As pointed out by defendant, the section does refer to defendant's "contractual and/or security obligations to the Government." However, this provision can reasonably be read as referring to defendant's free standing security obligations and obligations it undertook pursuant to its contract with the

Government. Likewise, although the contract between defendant and the Government referred to misconduct as well as "reasons of security," defendant was not free to modify its obligations under the Collective Bargaining Agreement by entering into a separate agreement with the Government.[2]

Plaintiff seeks to recover its attorneys' fees from defendant. That request is denied. The issue presented is sufficiently close that defendant justifiably declined to arbitrate its dispute with French on the ground that the contracting officer had requested his removal from the contract.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: December 2, 2015

J. Frederick Motz
United States District Judge

---

[2] Although the record is silent on the point, it appears that defendant could have met his obligations both under the Collective Bargaining Agreement and its contract with the Government. Specifically, it presumably could have removed French from the contract but continued to keep him on its payroll. Undoubtedly, this would have cut into to defendant's profit but any unnecessary expense that defendant was required to pay was caused by the fact that it entered into two different contracts that arguably were inconsistent with one another.